UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

MARKUS KING KNIGHT and VENICE KING,      Case No.
                Plaintiffs,

     -against-

                                **COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE WINDZA
FRANCOIS [TAX REG. #937157], DETECTIVE      JURY DEMAND
KAREEM A. HIBBERT [TAX REG. #936762],
SERGEANT PATRICK F. CAIN [TAX REG. #931572],
P.O. DANIEL S. OH [TAX REG. #953195], SERGEANT
THOMAS J. URBAN [TAX REG. #957237], DETECTIVE
RAYMOND RAGIONE [TAX REG. #900951],
DETECTIVE KERLENS LAZARRE [TAX REG. #950733],
DETECTIVE DANIEL W. DONALDSON [TAX REG.
#920223], LIEUTENANT JHONNATAN A.
SANCHEZPENA [TAX REG. #947455], P.O. JOHNNY
L. NELMS [TAX REG. #972138], SERGEANT JOSEPH
R. SCHROECK [TAX REG. #947849], LIEUTENANT
FRANK P. REDMOND [TAX REG. #953304], and
JOHN DOE AND JANE DOE #1-9 (the names John and
Jane Doe being fictitious, as the true names are presently
unknown),
                Defendants.

-----------------------------------------------------------------------X

Plaintiffs, MARKUS KING KNIGHT and VENICE KING, by their attorney, The Law Office of PHILIP AKAKWAM, P.C., complaining of the defendants herein, The City of New York, Detective Windza Francois [Tax Reg. #937157], Detective Kareem A. Hibbert [Tax Reg. #936762], Sergeant Patrick F. Cain [Tax Reg. #931572], P.O. Daniel S. Oh [Tax Reg. #953195], Sergeant Thomas J. Urban [Tax Reg. #957237], Detective Raymond Ragione [Tax Reg. #900951], Detective Kerlens Lazarre [Tax Reg. #950733], Detective Daniel W. Donaldson [Tax Reg. #920223], Lieutenant Jhonnatan A. Sanchezpena [Tax Reg. #947455], P.O. Johnny L. Nelms [Tax Reg. #972138], Sergeant Joseph R. Schroeck [Tax Reg. #947849], Lieutenant Frank P. Redmond [Tax Reg. #953304], and John Doe and Jane Doe #1-9 (collectively, "defendants"), respectfully allege as follows:

<u>NATURE OF THE ACTION</u>

1.       This is an action at law to redress the deprivation of rights secured to the

             plaintiffs under color of statute, ordinance, regulation, custom, and/or to

             redress the deprivation of rights, privileges, and immunities secured to the

plaintiffs by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, and arising under the law and statutes of the City and State of New York.

JURISDICTION

2.  The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

3.  As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4.  Plaintiffs timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5.  At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

6.  This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

THE PARTIES

7.  Plaintiffs, husband and wife, are and were at all times material herein residents of Brooklyn, County of Kings, City and State of New York.

8.  Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

9.  The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

10. Defendant Detective Windza Francois [Tax Reg. #937157] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

11.     Defendant Detective Kareem A. Hibbert [Tax Reg. #936762] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

12.     Defendant Sergeant Patrick F. Cain [Tax Reg. #931572] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

13.     Defendant P.O. Daniel S. Oh [Tax Reg. #953195] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

14.     Defendant Sergeant Thomas J. Urban [Tax Reg. #957237] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

15.     Defendant Detective Raymond Ragione [Tax Reg. #900951] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

16.     Defendant Detective Kerlens Lazarre [Tax Reg. #950733] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

17.     Defendant Detective Daniel W. Donaldson [Tax Reg. #920223] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

18.     Defendant Lieutenant Jhonnatan A. Sanchezpena [Tax Reg. #947455] was at all times material herein a lieutenant employed by the NYPD. He is named here in his official and individual capacities.

19.     Defendant P.O. Johnny L. Nelms [Tax Reg. #972138] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

20.     Defendant Sergeant Joseph R. Schroeck [Tax Reg. #947849] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

21.     Defendant Lieutenant Frank P. Redmond [Tax Reg. #953304] was at all times material herein a lieutenant employed by the NYPD. He is named here in his official and individual capacities.

22.     Defendants John Doe and Jane Doe #1-9 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

23.     Defendants Francois, Hibbert, Cain, Oh, Urban, Ragione, Lazarre, Donaldson, Sanchezpena, Nelms, Schroeck Redmond, and John Doe and Jane Doe #1-9 are collectively referred to herein as "defendant officers".

24.     At all times material to this Complaint, the defendant officers acted toward plaintiffs under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

25.     On or about April 13, 2023, at approximately 9:00 p.m., defendant officers, acting in concert, assaulted and unlawfully detained the plaintiffs and, ultimately, arrested plaintiff Markus King Knight ("Mr. Knight") without cause at or within the vicinity of their home which is located 760 E. 105th Street, Brooklyn, New York, and falsely charged him with N.Y. PL 265.03(1)(b) 'Criminal possession of a weapon in the second degree', N.Y. PL 265.03(3) 'Criminal possession of a weapon in the second degree', N.Y. PL 120.25 'Reckless endangerment in the first degree', N.Y. PL 265.02(1) 'Criminal possession of a weapon in the third degree', N.Y. PL 265.01-b 'Criminal possession of a firearm', and N.Y. PL 265.01(1) 'Criminal possession of a weapon in the fourth degree'.

26.     However, plaintiffs did not commit any offense against the laws of New York City and/or State.

27.     Prior to the arrest and encounter, the plaintiffs were inside their home when defendant officers forced their way into the plaintiffs' home without any warrant or authority damaging and/or destroying the plaintiff's properties.

28.     Upon entry, defendant officers immediately demanded to search the plaintiffs' home.

29.     Plaintiffs demanded defendant officers to show them any warrant or authorization permitting the search of their home.

30.     Defendant officers immediately proceeded to forcibly grab Mr. Knight and slam him down on the floor.

31.     Defendant officers tightly handcuffed Mr. Knight with his hands placed behind his back.

32.     Mr. Knight complained that the handcuffs were too tight and were causing him to experience pain and numbness.

33.     Mr. Knight pleaded with the defendant officers to remove or loosen the handcuffs.

34.     Defendant officers ignored the plaintiffs' entreaties to remove or loosen the handcuffs.

35.     Fearing for their lives, plaintiffs promptly inquired as to what was going on.

36.     Defendant officers ignored plaintiffs' inquiries and, instead, proceeded to perform a warrantless and unauthorized search of their home.

37.     Defendant officers' illegal search of the plaintiffs' home did not yield any contraband.

38.     Mr. Knight was caused to sustain serious injuries on various parts of his body.

39.     Defendant officers also subjected the plaintiffs to illegal and unlawful search.

40.     Defendant officers' illegal search of the plaintiffs did not yield any contraband.

41.     Eventually, defendant officers walked Mr. Knight out of his home to their police vehicle and placed him inside their police vehicle and transported him to NYPD-69th Precinct.

42.     Defendant officers also forcibly removed Ms. King and their 3 children from their home.

43.     Ms. King and the children were not allowed to return to their home until approximately forty-eight hours thereafter.

44. Upon information and belief, defendant officers searched the plaintiffs' home and damaged and/or destroyed several of the plaintiffs' properties.

45. Defendant officers' illegal search of the plaintiffs' home did not yield any contraband.

46. While at the precinct, defendant officers further subjected Mr. Knight to illegal and unlawful search.

47. Defendant officers did not recover any contraband from their unlawful search of Mr. Knight.

48. Nonetheless, defendant officers continued to detain Mr. Knight at the precinct.

49. Defendant officers refused to provide Mr. Knight with any food and/or drink.

50. Mr. Knight, who has been diagnosed with post traumatic disorder and panic attacks, requested defendant officers to transport him to the hospital for treatment of his condition.

51. Defendant officers denied Mr. Knight's request.

52. While still detained at the precinct, Mr. Knight attempted suicide at some point.

53. Defendant officers still refused to provide Mr. Knight with medical care or treatment.

54. After detaining Mr. Knight at the precinct for a lengthy period of time, he was transported to Central Booking to await arraignment.

55. At some point following the arrest, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.

56. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that Mr. Knight committed aforesaid crimes.

57. Relying upon the falsified police records, reports and statements, the prosecutors initiated criminal actions against plaintiff Marcus.

58. On or about April 15, 2023, Mr. Knight was arraigned on a criminal court complaint sworn to by defendant officers falsely charging him with aforesaid crimes.

59.      Upon arraignment, Mr. Knight was released on his own recognizance but was required to return to the criminal court on multiple occasions to defend the false charges levied against him.

60.      An order of protection was also issued against Mr. Knight prohibiting him from, among other things, entering and/or staying in his own home, seeing his wife and family, and communicating with his wife and family.

61.      Plaintiffs were caused to suffer loss of consortium because of the conduct of the defendants.

62.      Plaintiffs were caused to lose their jobs because of the conduct of the defendants.

63.      Mr. Knight subsequently appeared in criminal court on multiple occasions to defend the false charges levied against him.

64.      On or about July 21, 2023, the false charges levied against Mr. Knight were summarily dismissed and the order of protection was vacated.

65.      Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

66.      Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiffs.

67.      As a result of the aforesaid actions by defendants, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of love, companionship, affection and sexual relations, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

68.      By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 67 of this complaint as though fully set forth herein.

69. Defendant officers arrested the plaintiffs without probable cause or reasonable grounds.

70. The conduct of defendant officers, as described herein, amounted to false arrest.

71. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution.

72. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

73. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 72 of this complaint as though fully set forth herein.

74. Based on the false testimony of defendant officers, the prosecutors initiated criminal actions against Mr. Knight.

75. Mr. Knight was required to, and did, appear in court on numerous occasions to defend the false charges levied against him with malice by defendants.

76. Eventually, the proceeding(s) terminated in Mr. Knight's favor.

77. Because of the conduct of the defendants, Mr. Knight was maliciously prosecuted for a lengthy period of time.

78. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

79. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

80. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>THIRD CAUSE OF ACTION: FABRICATION OF EVIDENCE - against defendant officers</u>

81.    By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 80 of this complaint as though fully set forth herein.

82.    Defendant officers manufactured evidence of criminality against Mr. Knight likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against him.

83.    In addition to other things, defendant officers falsely stated to the prosecutors that Mr. Knight was in possession of a weapon and endangered the lives of other people.

84.    Plaintiffs were deprived of their liberty as a result.

85.    The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

86.    Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

87.    Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>FOURTH CAUSE OF ACTION: UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH & SEIZURE - against defendant officers</u>

88.    By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 87 of this complaint as though fully set forth herein.

89.    Defendant officers unlawfully stopped and subjected the plaintiffs to illegal search of their person and property.

90.    The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk and unreasonable searches and seizures.

91.    Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution.

92.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## FIFTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

93.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 92 of this complaint as though fully set forth herein.

94.     Defendant officers denied plaintiffs their due process right to be free from continued detention after it was known or should have been known that plaintiffs were entitled to release.

95.     The conduct of defendant officers, as described herein, amounted to unreasonable detention.

96.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

97.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SIXTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

98.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 97 of this complaint as though fully set forth herein.

99.     The conduct of defendant officers, as described herein, amounted to excessive use of force.

100.    Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution.

101.    Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SEVENTH CAUSE OF ACTION: DELIBERATE INDIFFERENCE - against defendant officers

102.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 101 of this complaint as though fully set forth herein.

103.     Defendant officers denied Mr. Knight the treatment needed to remedy his serious medical conditions and did so because of their deliberate indifference to his need for medical treatment and care.

104.     Mr. Knight's condition worsened and/or exacerbated as a result.

105.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

106.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## EIGHTH CAUSE OF ACTION: DENIAL OF RIGHT TO EQUAL PROTECTION - against defendant officers

107.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 106 of this complaint as though fully set forth herein.

108.     Defendant officers routinely engage in racial profiling and were motivated in arresting and assaulting the plaintiffs simply because plaintiff Marcus is black and plaintiff Venice is of Hispanic descent.

109.     Defendant officers do not arrest, assault, or profile similarly situated white people who engaged in similar conduct as the plaintiffs. For example, defendants do not arrest, assault, or profile similarly situated white couples holding hands and walking down the street.

110.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

111.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## NINTH CAUSE OF ACTION: FIRST AMENDMENT RETALIATION - against defendant officers

112.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 111 of this complaint as though fully set forth herein.

113.     Defendant officers assaulted and arrested the plaintiffs and maliciously prosecuted Mr. Knight in retaliation for questioning their conduct on April 13, 2023.

114.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

115.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## TENTH CAUSE OF ACTION: DENIAL OF RIGHT TO INTIMATE FAMILIAL ASSOCIATION - against defendant officers

116.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 115 of this complaint as though fully set forth herein.

117.     Defendant officers intentionally lied to the prosecutors causing the prosecution of Mr. Knight and the issuance of the order of protection separating him from his wife and family.

118.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

119.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>ELEVENTH CAUSE OF ACTION: UNLAWFUL ENTRY - against defendant officers</u>

120.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 119 of this complaint as though fully set forth herein.

121.     The conduct of defendant officers, as described herein, amounted to unlawful entry.

122.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

123.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

<u>TWELFTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers</u>

124.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 123 of this complaint as though fully set forth herein.

125.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

126.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

127.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

128.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

**THIRTEENTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City**

129. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 128 of this complaint as though fully set forth herein.

130. Defendant City, acting through NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, assaulting, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups, such as plaintiffs, on the pretext that they were involved in crimes.

131. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

132. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the court observed that defendant City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

133. In *Ligon v. City of New York*, 925 F. Supp. 2d 478 (S.D.N.Y. 2013), the court determined that defendant City, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

134. Notably, numerous civil rights complaints filed in this district and other courts have similarly alleged that many of the police officers involved in this case, including the defendant officers, routinely stop, frisk, search, assault, and manufacture evidence of criminality against individuals who are members of racial/ethnic minority groups, such as the plaintiffs, in order to arrest and maliciously prosecute them. *See, e.g., Venice King v. City of New York* (23 CV 9096); *Bryan Torres. v. City of New York* (Index No. 505538/2022); *Lealton Briggs v. City of New York* (Index No. 501987/2022); *Bryan Ackwood v. City of New York* (21 CV 50); *Jose Diaz v. City of New*

*York* (Index No. 501168/2021); *Joel Soto v. City of New York* (Index No. 503903/2021).

135.     Defendant City has equally determined that the defendant officers, among other things, make false statements, make unlawful entry into premises, and perform unlawful searches of individuals who are members of racial/ethnic minority groups, such as the plaintiff.

136.     Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD-69th Precinct alleging, among other things, that the police officers made illegal entry into homes, unlawfully stopped and frisked, assaulted, and falsely arrested the plaintiffs without probable cause.

137.     Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police routinely stop, search & seize, make warrantless arrests and searches at homes, fabricate evidence, arrest innocent citizens without probable cause, and use excessive force in the arrest of innocent citizens particularly individuals who are members of racial/ethnic minority groups, such as the plaintiffs.

138.     As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiffs, unreasonably detained them, and abused and/or assaulted the plaintiffs.

139.     Defendant City maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

140.     The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities

under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force and the right to due process.

141.     By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

FOURTEENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendant officers

142.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 141 of this complaint as though fully set forth herein.

143.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

144.     In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

145.     The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual

officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

146.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

## FIFTEENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

147.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 146 of this complaint as though fully set forth herein.

148.     The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

149.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SIXTEENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

150.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 149 of this complaint as though fully set forth herein.

151.     By reason of and as a consequence of the conduct of defendant officers, plaintiffs sustained injuries with the accompanying pain.

152.     The conduct of the defendants, as described herein, amounted to assault and battery.

153.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SEVENTEENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

154.    By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 153 of this complaint as though fully set forth herein.

155.    The conduct of defendant officers, as described herein, amounted to malicious prosecution.

156.    Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## EIGHTEENTH CAUSE OF ACTION: TORTS (LOSS OF CONSORTIUM) - against defendants

157.    By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 156 of this complaint as though fully set forth herein.

158.    Because of the conduct of defendant officers, as described herein, plaintiffs suffered, and still suffer, loss of the services of each other including, but not limited to, household services such as cooking, cleaning, as well as loss of love, comfort, companionship, affection and sexual relations, disposition and temperament.

159.    Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## NINETEENTH CAUSE OF ACTION: TORTS (TRESPASS) - against defendants

160.    By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 159 of this complaint as though fully set forth herein.

161.    Defendants unlawfully entered into plaintiffs' premises without any warrant, permission or consent.

162.    Defendants performed a warrantless search of the premises, and subjected the plaintiffs to unreasonable searches and seizures.

163.    The conduct of defendants, as described herein, amounted to trespass.

164. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWENTIETH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

165. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 164 of this complaint as though fully set forth herein.

166. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

167. Plaintiffs' emotional distress have damaged their personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention, and imprisonment by defendants.

168. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWENTY-FIRST CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

169. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 168 of this complaint as though fully set forth herein.

170. Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

171. Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

172.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

173.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a like situation would probably result from such conduct described herein.

174.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

175.     Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiffs' injuries.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

a.     For compensatory damages against all defendants in an amount to be proven at trial;

b.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.     For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

d.     For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
        July 15, 2024

PHILIP AKAKWAM, P.C.

By:    /s/
_____
Philip Akakwam
Attorney for the Plaintiffs
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
Tel. No: (718) 858-2488